Commonwealth ex rel. Veihdeffer, Appellant, *v.* Veihdeffer.

Submitted June 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Michael Bresnahan,* for appellant.

*James A. Naddeo,* and *Belin, Belin & Naddeo,* for appellee.

OPINION BY WATKINS, P. J., September 22, 1975:

This is an appeal from an order of the Court of Common Pleas of Clearfield County dismissing a petition for a Writ of Habeas Corpus.

The appellant-wife, Sharon Jane Veihdeffer, and the appellee-husband, Howard Frederick Veihdeffer, Jr., separated in November, 1974. The children of the marriage, seven, five and four years of age, respectively, remained in the custody of the father. The parties entered into an agreement on January 5, 1975 drawn by the counsel for the husband which provided for a certain property settlement and gave custody of the three children to the father with liberal visitation rights to the wife.

On January 11, 1975, the wife brought her petition for the Writ of Habeas Corpus to obtain custody claiming that she entered into the agreement under a misapprehension. The court below dismissed the Writ with the following order without any findings or opinion:

"ORDER

"NOW, January 22, 1975, following hearing had into the above-captioned Petition for Writ of Habeas Corpus, and it appearing that the matter is covered by an agreement dated January 3rd, 1975, and there being no reason existing for the Court to override said agreement, it is the Order of this Court that said Petition for Writ of Habeas Corpus be and is hereby dismissed. And it is further Order of this Court that liberal, reasonable visitation rights be granted unto the Petitioner herein; failing which, the Court will specifically set the time."

It is well settled that an agreement between the parties as to custody is not controlling but should be

given weight taking into consideration all the circumstances. It is conceded by counsel for the appellee that the court below is not bound by a contractual agreement pertaining to the custody of children. *Commonwealth ex rel. Children's Aid Society, Guardian v. Gard, et ux.,* 362 Pa. 85, 66 A. 2d 300 (1949). A child cannot be made the subject of a contract with the same force and effect as if it were a mere chattel has long been established law.

It is unusual, to say the least, that the wife brought her action five days after the execution of the contract. She contends that she was pressured into signing it in the hope that the family might get together. From her testimony in the record, she most certainly was under a grave misapprehension as to its custody provisions and upon realizing the full meaning of the contract immediately consulted counsel.

This Court has set forth the present view of the tender years doctrine in *Commonwealth ex rel. Grillo v. Shuster,* 226 Pa. Superior Ct. 229, 235-236, 312 A.2d 58, 62 (1973), wherein we stated:

"The 'tender years' presumption does not reflect or derive from the mother's 'right', whether that right be characterized as 'prima facie' or otherwise. It is procedural only. One party or the other must have the burden of proof. If, after a full development of the record, the hearing judge finds that the interests of the child would be equally served by granting custody to either litigant, custody should be awarded to the child's natural mother."

The Court further stated in citing *Commonwealth ex rel. Parikh v. Parikh,* 449 Pa. 105, 109, 296 A.2d 625, 627 (1972).: "[T]he fact that 'tender years' is merely the vehicle through which a decision respecting the infant's custodial well-being may be reached where factual considerations do not otherwise dictate a different result."

However, we are unable to determine the basis of the court's order in this case without findings as to the credi-

bility of the parties, the fitness of the parties, the home surroundings, the conditions and care of the children from which the paramount issue of their welfare can be determined. It may well be that the factual considerations on the paramount issue of the welfare of the children present no reason to override the agreement and that the "tender years" doctrine, as we have recently discussed it, has no application.

The order is vacated and this case is remanded for further proceedings consistent with this opinion.