374 A.2d 1365

COMMONWEALTH of Pennsylvania ex rel. Arline LEE a/k/a Arline C. Lee

v.

Robert E. LEE, Appellant.

Superior Court of Pennsylvania.

Argued March 17, 1976.

Decided June 29, 1977.

156

Michael J. Pepe, Jr., Philadelphia, for appellant.

George M. Bobrin, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

This is an appeal by a father from an order awarding permanent custody of a now nine year old girl, Kelly Ann, to her mother. The order must be set aside and the record remanded for a new hearing. The hearing judge incorrectly applied the "tender years presumption," and he interviewed Kelly Ann in chambers, without counsel, and without having

the interview transcribed. Because of these errors it is not possible to determine whether Kelly Ann's best interest has been served.

## I

### –A–

■ It is well-settled that the paramount concern in a custody dispute between parents is the best interest of the minor child. *Commonwealth ex rel. Parikh v. Parikh,* 449 Pa. 105, 107–08, 296 A.2d 625, 627 (1972); *Cochran Appeal,* 394 Pa. 162, 145 A.2d 857 (1958); *Commonwealth ex rel. Graham v. Graham,* 367 Pa. 553, 80 A.2d 829 (1951); *Commonwealth ex rel. Grillo v. Shuster,* 226 Pa.Super. 229, 312 A.2d 58 (1973).

The "tender years presumption" was developed to ease the burden of resolving these emotionally and factually complex disputes. Sometimes the presumption was used to find that a child's best interest would necessarily be served by giving the mother custody, the burden being placed on the father to demonstrate "compelling reasons" why the mother should not have custody. *Commonwealth ex rel. Logue v. Logue,* 194 Pa.Super. 210, 166 A.2d 60 (1960) (collecting cases).

Eventually it was realized that this approach precluded an impartial examination of all of the relevant factors, and subordinated that which should be the sole purpose of the hearing: to determine what is in the best interest of the child. It was therefore held that the "tender years presumption" must be regarded as not a "right" of the mother but merely a procedural device for allocating the burden of proof. Only if the judge determined after a full hearing that the child's best interest would be equally served by living with either parent, could a child of "tender years" be placed in the mother's custody. *Commonwealth ex rel. Veihdeffer v. Veihdeffer,* 235 Pa.Super. 447, 449, 344 A.2d 613, 614 (1975); *Commonwealth ex rel. Grillo v. Shuster, supra* 226 Pa.Super. at 235–236, 312 A.2d at 62.

> [T]he "tender years" [presumption] is merely the vehicle through which a decision respecting the infant's custodial

well-being may be reached where factual considerations do not otherwise dictate a different result.

*Commonwealth ex rel. Parikh v. Parikh, supra,* 449 Pa. at 109, 296 A.2d at 627.

Recently, in *Commonwealth ex rel. Spriggs v. Carson,* 470 Pa. 290, 368 A.2d 635 (1977), a plurality of the Supreme Court expressed the opinion that the "tender years presumption," should be eliminated even as a procedural device. There two children, a boy and a girl, were involved. A Florida court awarded custody of both children to the father. The mother, however, in violation of the Florida court's order, took the boy with her to Lancaster County. In a custody proceeding initiated there by the father, the court of common pleas awarded custody of the boy to the father. A majority of this court reversed. On further appeal, the Supreme Court reinstated the order of the court of common pleas. The opinion was by Mr. Justice NIX, Justices O'BRIEN and ROBERTS joined him; Chief Justice JONES, Justices EAGEN and POMEROY concurred in the result. The opinion stated:

Finally, we note that in reaching its conclusion that custody should be awarded to the mother, the majority in the Superior Court relied heavily upon the "tender years doctrine" and the rule of preference to a resident guardian over a non-resident guardian. The latter principle was obviously more tenable in the days of a less mobile society. In today's accessible and communicative world the validity of this proposition is open to serious question. It would be presumptive to believe that the care and concern of the Pennsylvania Courts for the best interest and the welfare of a child is not shared by our sister States. To the contrary, the thoroughness and the interest exhibited in this case by the Florida Court demonstrates the fallacy of this argument.

We also question the legitimacy of a doctrine that is predicated upon traditional or stereotypic roles of men and women in a marital union. Whether the tender years doctrine is employed to create a presumption which re-

quires the male parent to overcome its effect by presenting compelling contrary evidence of a particular nature; *Commonwealth ex rel. Lucas v. Kreischer,* 450 Pa. 352, 299 A.2d 243 (1973); *Commonwealth ex rel. Logue v. Logue,* 194 Pa.Super. 210, 166 A.2d 60 (1960), or merely as a makeshift where the scales are relatively balanced; *Commonwealth ex rel. Parikh v. Parikh,* 449 Pa. 105, 296 A.2d 625 (1972); *Commonwealth ex rel. Veihdoffer v. Veihdoffer,* [*sic*] 235 Pa.Super. 447, 344 A.2d 613 (1975), such a view is offensive to the concept of the equality of the sexes which we have embraced as a constitutional principle within this jurisdiction. *See* Pa.Const., art. I, § 28; *Conway v. Dana,* 456 Pa. 536, 318 A.2d 324 (1974). Courts should be wary of deciding matters as sensitive as questions of custody by the invocation of "presumptions". Instead, we believe that our courts should inquire into the circumstances and relationships of all the parties involved and reach a determination based solely upon the facts of the case then before the Court.

*Id.* 470 Pa. at 299–300, 368 A.2d at 639–640.

–B–

When the hearing was held in this case the Supreme Court had not decided *Commonwealth ex rel. Spriggs v. Carson, supra.* Therefore, from the point of view of the hearing judge and the parties, the tender years presumption still retained vitality as a procedural device for allocating the burden of proof. Even so regarded, however, it was incorrectly applied.

Kelly Ann's parents separated in April, 1972, and informally agreed that the mother would have custody of Kelly Ann, while the father would have custody of their three sons. Reciprocal visitation rights were promised. In May, 1973, after a visit, the father refused to return Kelly Ann to her mother, and allegedly threatened the mother if she were to attempt to get near the child. He subsequently did return Kelly Ann, but on September 27, 1974, he obtained custody of her for a visit and then refused to return her. These proceedings followed.

In awarding custody to the mother, the hearing judge stated:

On the basis of the entire record and considering Kelly Ann's age (seven), no better reason can be set forth for placing custody in the mother than the rule regarding the welfare of a child of tender years as being best promoted by giving custody to her mother.

Lower court opinion at 5.

The judge, in recognition of our decision in *Commonwealth ex rel. Veihdeffer v. Veihdeffer, supra,* went on to note that the tender years presumption is but one factor to be considered along with other factors enumerated in that decision. The factors of credibility and fitness of the parties and the home surroundings were considered, and then, reaching the last factor of "Condition and Care of the Child", the judge stated:

The record does not reveal that the mother was or now is an unfit person to care for the physical, spiritual and emotional need of the child. While the record reveals that the father would also be a fit person to meet the needs of Kelly Ann, all things appearing equal, the mother should be awarded custody.

Lower court opinion at 8.

It is not apparent from this statement whether the hearing judge first examined all of the relevant evidence, and, finding "all things appearing equal," therefore awarded custody to the mother, or whether he awarded custody to the mother because the father failed to prove the mother's unfitness. However, the judge's comments, at the time he rendered his decision on April 2, 1975, makes plain which standard he actually applied:

Under the law, as I have to apply it here, I have a six-year old girl that I must give to the mother, unless the mother is unfit. She has to be unfit. There has been no allegation in that regard in this case.

N.T. 5

Thus, rather than considering all of the evidence, and upon concluding that all factors were equal, then deciding to

award custody to the mother, the hearing judge first presumed that the mother should get custody, found no evidence that she was unfit, found no other evidence of sufficient weight to dislodge the mother's presumed right of custody, and so awarded custody to her. This was error even under the law as it was before the Supreme Court decided *Commonwealth ex rel. Spriggs v. Carson. See Commonwealth ex rel. Parikh v. Parikh, supra.*

## II

### –A–

In *Gunter v. Gunter,* 240 Pa.Super. 382, 361 A.2d 307 (1976), we quoted with approval from *Commonwealth ex rel. Morales v. Morales,* 222 Pa.Super. 373, 375, 294 A.2d 782, 783 (1972):

> Under both the statutory and case law, the scope of our review in child custody cases is quite broad and, while we cannot nullify the fact-finding function of the hearing judge, we are not bound by a finding which has no competent evidence to support it. *Commonwealth ex rel. Gifford v. Miller,* 213 Pa.Super. 269, 273–274, 248 A.2d 63 (1968), and cases cited therein. The decision of the court below here has nothing on the record which supports it due to the incorrect procedure followed in hearing the testimony of the children. If their testimony is to be taken out of the presence of the contending parties, counsel should be present and have an opportunity to examine them, *Snellgrose Adoption Case,* 432 Pa. 158, 166, n.3, 247 A.2d 596 (1968), and their testimony should be on the record.

*See also Commonwealth ex rel. Bowser v. Bowser,* 224 Pa.Super. 1, 302 A.2d 450 (1973); *Commonwealth ex rel. Grillo v. Shuster, supra; Williams v. Williams,* 223 Pa.Super. 870, 872, 296 A.2d 870 (1972).

### –B–

Here, as has been noted, the hearing judge interviewed Kelly Ann in chambers, without counsel, and without having

the interview transcribed. It is true that the judge did not purport to base his decision on Kelly Ann's stated preference, or upon any other statements made by her. However, the judge does say this in his opinion: "However, the record does not disclose that the father's conduct surrounding this incident [the removal of Kelly Ann from her mother] jeopardized the welfare of the child." Lower court opinion at 6. It would appear that this conclusion must have been reached after consideration of Kelly Ann's reaction to the incident, as disclosed by her statements to the judge. At least, it should have been reached after such consideration.

■ The hearing judge's failure to comply with the requisite procedure denied counsel the opportunity to question Kelly Ann, and it has also deprived this court of all of the information necessary to discharge our responsibility to exercise the "broadest type" of review. *Commonwealth ex rel. Holschuh v. Holland Moritz,* 448 Pa. 437, 292 A.2d 380 (1972); *Gunter v. Gunter, supra; Commonwealth ex rel. Grillo v. Shuster, supra.*

The order of the court below is reversed and the case remanded for a new hearing consistent with this opinion.

VAN der VOORT, J., concurs in the result.