385 A.2d 533

**Dolores J. STOYKO, Appellant,**

v.

**Michael T. STOYKO.**

Superior Court of Pennsylvania.

Argued April 16, 1976.

Decided April 13, 1978.

Richard P. Gilmore, Washington, for appellant.

William M. Radcliffe, Uniontown, with him Ira B. Coldren, Jr., Uniontown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

This is an appeal in a custody case by the appellant-mother, Dolores J. Stoyko, from an order of the Court of Common Pleas of Fayette County granting custody of a ten year old boy to the appellee-father, Michael T. Stoyko.

Michael Stoyko was born June 19, 1965 to Michael Stoyko, Sr. and Dolores Stoyko. The parents were divorced in 1973. The father has remarried and the mother remained unmarried. Following the divorce, Michael spent most of his time

with his father, although there were periods of time when he resided with his mother. In the Summer of 1975, several hearings were held in the petition of the mother seeking custody of Michael. On August 29, 1975, the court below directed that the boy remain with the father. This appeal followed.

The father and his present wife have a satisfactory home and the father is steadily and responsibly employed. The mother resides in the home formerly occupied by the parties together with a six year old son. The court found that: "a gentleman friend of petitioner spends considerable time at her home remaining overnight at least once a week."

The court's decision rests on his opinion that the best interests and welfare of this child under all the circumstances in this case demanded that custody remain with the father. The petitioner relied on the "tender years" doctrine that a young child should be in the custody of the mother.

The court below found that the "tender years" doctrine no longer had its ancient presumptive power and relied on *Commonwealth ex rel. Grillo v. Shuster,* 226 Pa.Super. 229, 312 A.2d 58 (1973) and quoting from this case, 226 Pa.Super. at page 231, 312 A.2d at page 62, said:

"The 'tender years' presumption does not reflect or derive from the mother's 'right', whether that right be characterized as 'prima facie' or otherwise. It is procedural only. One party or the other must have the burden of proof. If, after a full development of the record, the hearing judge finds that the interests of the child would be equally served by granting custody to either litigant, custody should be awarded to the child's natural mother. This is in line with the most recent statement by the Pennsylvania Supreme Court: 'the . . . "tender years" (presumption) is merely the vehicle through which a decision respecting the infant's custodial well-being may be reached where factual considerations do not otherwise dictate a different result'. *Commonwealth ex rel. Parikh v. Parikh,* supra, 449 Pa. 105 at 109, 296 A.2d at 627. Such cases will be rare. Typically one party will demonstrate

by the weight of the evidence that he or she can provide the better home. *Cf. Commonwealth ex rel. McLeod v. Seiple,* 193 Pa.Super. 131, 136, 163 A.2d 912, 914 (1960): 'While it has been generally held that, other factors being equal, a child of tender years should be with the mother, this rule is by no means absolute. Each case must finally rest upon and be determined by its own facts.' "

The court further held as follows: "The weight of the evidence also convinces us that respondent-father can presently provide his son with a better home than can his mother. In this connection, we have given considerable weight to the strongly expressed wish and preference of this boy . . . Michael appears to be an alert and quite intelligent boy. He is certainly old enough to have weight given to his express wish to remain with his father. *Commonwealth ex rel. Bender v. Bender,* 197 Pa.Super. 397, 401, 402, 178 A.2d 779." In *McDonald v. McDonald,* 183 Pa.Super. 411, 416, 132 A.2d 710, 713 (1957) which involved a twelve year old boy, this Court held:

"When a child of the age of the boy here involved is emphatic in his preferences, we must seriously consider the emotional effect upon him were he compelled to follow a course which he detests and fears. No desires are as strong nor fears as great as the desires and fears of youth. A twelve year old boy is an individual, and reacts as one. His lack of control over his own destiny can be frustrating to the degree that it becomes emotionally disturbing and permanently harmful."

The boy in this case was very emphatic as to his preference. He was examined by the court out of the presence of the parents and justified concerning incidents in the home including the boyfriend who slept with his mother in his presence.

The chief complaint of the mother rests on the "tender years" doctrine. This doctrine no longer rests on a presumption, in fact it has been emasculated to such an extent that little remains of its former force. See, *Commonwealth ex rel. Spriggs v. Carson,* 470 Pa. 290, 368 A.2d 635 (1977);

*Commonwealth ex rel. Lee v. Lee,* 248 Pa.Super. 155, 374 A.2d 1365 (1977)

We find that there was no abuse of discretion by the court below in awarding custody to the father.

Order affirmed.

JACOBS, President Judge, and SPAETH, J., concur in the result.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.