416 A.2d 92

**Judith Lynn KRISS, Appellant,**

v.

**Joseph KRISS, II, Joseph Kriss and Lillie Kriss, husband and wife, and Jacqueline Sobleski.**

Superior Court of Pennsylvania.

Argued June 21, 1979.

Filed Dec. 7, 1979.

Roger N. Nanovic, Jim Thorpe, for appellant.

Neil Hurowitz, King of Prussia, for appellee.

Before HESTER, HOFFMAN and CATANIA,* JJ.

HOFFMAN, Judge:

Appellant-mother contends that the lower court did not sufficiently consider important factors bearing on appellee-father's fitness to be awarded custody of the couple's minor child. We disagree and, accordingly, affirm the order of the lower court awarding custody of the child to the father.

This case involves a dispute over custody of the parties' only child, Joseph Henry Kriss, III, who was born on October 5, 1973. From the time of the child's birth until September 11, 1976, he resided with his parents at the home of his paternal grandparents at the Kriss Pines Fish Hatchery in Carbon County, Pennsylvania. On that date, after a domestic argument, appellant left the marital home with the child and, without notice to appellee, her husband, moved to Florida, where she has since resided. After arriving in Florida, appellant did not inform her husband of her whereabouts.

In late July, 1977, appellee located his wife and child in Tampa, Florida, through the assistance of a private detec-

---

* President Judge Francis J. Catania of the Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

tive. On August 2, 1977, appellee took the child from his day care center in Tampa without his wife's consent or knowledge. Appellee returned to Pennsylvania with the child and embarked on travels with the child and a female companion through various parts of Pennsylvania, New York and Canada. It appears that appellee's purpose in these travels, at least in part, was to evade service of process in this case. Appellee and his son returned to Carbon County sometime in March of 1978.

On August 8, 1977, appellant instituted these proceedings to obtain custody of her son. Service could not be effected upon appellee until June 19, 1978. The lower court heard testimony in the matter for three days, commencing on June 29, 1978. On July 11, 1978, the court issued its order awarding custody to appellee. This appeal followed.

"It is now beyond dispute that the sole issue to be decided in a custody proceeding between contending parents is the best interests and welfare of the child." *Commonwealth ex rel. Spriggs v. Carson*, 470 Pa. 290, 295, 368 A.2d 635, 637 (1977). *See also Kessler v. Gregory*, 271 Pa.Super. 121, 412 A.2d 605 (1979). In *Garrity v. Garrity*, 268 Pa.Super. 217, 407 A.2d 1323 (1979), we summarized the nature of our review in such matters as follows:

> The scope of review by this court in a child custody case is of the broadest type. *Commonwealth ex rel. Spriggs v. Carson*, 470 Pa. 290, 368 A.2d 635 (1977); *Commonwealth ex rel. Myers v. Myers*, 468 Pa. 134, 360 A.2d 587 (1976); *In re Custody of Neal*, [260] Pa.Super. [151], 393 A.2d 1057 (1978). While we will not usurp the fact-finding function of the trial court, we are not bound by deductions or inferences made by the hearing judge from the facts as found. *Trefsgar v. Trefsgar*, [261] Pa.Super. [1], 395 A.2d 273 (1978); *Commonwealth ex rel. Ulmer v. Ulmer*, 231 Pa.Super. 144, 331 A.2d 665 (1974); *Commonwealth ex rel. Grillo v. Shuster*, 226 Pa.Super. 229, 312 A.2d 58 (1973). We need not accept a finding which has no competent evidence to support it, but are instead required to make an independent judgment based on the evidence and testimony, and make such order on the merits of the case as to do

right and justice. *Trefsgar v. Trefsgar, supra; Spells v. Spells*, 250 Pa.Super. 168, 378 A.2d 879 (1977). So as to facilitate this broad review, we have consistently emphasized that the hearing court must provide us not only with a complete record, *Augustine v. Augustine*, 228 Pa.Super. 312, 324 A.2d 477 (1974), but with a complete and comprehensive opinion which contains a thorough analysis of the record and specific reasons for the court's ultimate decision. *Martincheck v. Martincheck*, 262 Pa.Super. 346, 396 A.2d 788 (1979); *Tobias v. Tobias*, 248 Pa.Super. 168, 374 A.2d 1372 (1977); *Gunter v. Gunter*, 240 Pa.Super. 382, 361 A.2d 307 (1976); *Augustine v. Augustine, supra; Commonwealth ex rel. Grillo v. Shuster, supra.* When the hearing judge fully complies with these requirements, his decision will not be reversed absent an abuse of discretion. *Carlisle Appeal*, 225 Pa.Super. 181, 310 A.2d 280 (1973).

*Id.,* 268 Pa.Super. at 220, 407 A.2d at 1325.

Appellant does not challenge the lower court's finding that each parent is capable of providing suitable care for her son. The focus of appellant's argument is that the lower court did not properly consider how the father's actions in removing the child from his Florida home and evading process in this action relate to his fitness to be awarded custody. We have held in somewhat analogous circumstances that "[i]n ascertaining who would best serve the welfare of the children, the lower court should consider appellee's disrespect for the legal process and evaluate how it bears on his fitness to be awarded custody of the children." *In re Leskovich*, 253 Pa.Super. 349, 359, 385 A.2d 373, 378 (1978) (father resorted to "self-help remedy," retaining custody of children in contravention of informal agreement between parents, instead of seeking "benefit of a neutral determination by a court as to who was better suited to be a custodian." *Id.* at 358, 385 A.2d at 377.) We are satisfied, however, that the lower court did fully consider the conduct of the father in this matter and its bearing on his fitness. The court found that "[b]oth parties, in their anxiety to become sole custodian of this only child, showed poor judgment in surreptitiously spiriting the boy away without no-

tice to the other and then secreting the child," and held that the irresponsible conduct of each side cancelled out that of the other. The opinion of the trial judge was thorough, well-reasoned, and based upon a complete record. Having independently reviewed that record, we conclude that the trial judge did not abuse his discretion. Moreover, this case is not, as appellant suggests, controlled by our decision in *Trefsgar v. Trefsgar,* 261 Pa.Super. 1, 395 A.2d 273 (1978). In that case we held that the fact that the mother removed the minor child from the marital home did not cancel out the act of the father in retaining custody of the child in direct violation of a custody order entered in another state. There the father's "actions were in direct contradiction of the law," *id.,* 261 Pa.Super. at 7, 395 A.2d at 276; here, the father's conduct, though ill-advised and not condoned, was no more objectionable than that of the mother, and certainly was not in direct contradiction of the law. Accordingly, we cannot agree with appellant that the lower court did not sufficiently consider factors bearing on the father's fitness to be awarded custody.

Order affirmed.