423 A.2d 1058

**Catherine HAMILTON, Appellant,**

**v.**

**Ruth CLAYPOOLE and William Claypoole, her husband.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1980.

Filed Dec. 29, 1980.

Mary E. Bower, Butler, for appellant.

A. R. Cingolani, Jr., Butler, for appellees.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

PER CURIAM:

Appellant, biological mother of William Hamilton (a minor), appeals the decision of the court below which granted appellees custody of William. We vacate the order and remand the cause.

The scope of appellate review in custody matters is quite broad. *Commonwealth ex rel. Spriggs v. Carson,* 470 Pa. 290, 368 A.2d 635 (1977); *Commonwealth ex rel. Myers v. Myers,* 468 Pa. 134, 360 A.2d 587 (1976); *Custody of Neal,* 260 Pa.Super. 151, 393 A.2d 1057 (1978).

Although we will not usurp the fact-finding function of the trial court, we are not bound by deductions or inferences made by the hearing judge from the facts as found. *Trefsgar v. Trefsgar,* 261 Pa.Super. 1, 395 A.2d 273 (1978); *Commonwealth ex rel. Ulmer v. Ulmer,* 231 Pa.Super. 144, 331 A.2d 665 (1974); *Commonwealth ex rel. Grillo v. Shuster,* 226 Pa.Super. 229, 312 A.2d 58, (1973). Because

of the Commonwealth's legitimate and overriding concern for the well–being of its children, we are required to render an independent judgment based on the evidence and testimony and make such order on the merits of the case as to effect a just result. *Spells v. Spells*, 250 Pa.Super. 168, 378 A.2d 879 (1977); *Commonwealth ex rel. Zeedick v. Zeedick*, 213 Pa.Super. 114, 245 A.2d 663 (1968). So as to facilitate this broad review, we have consistently emphasized that the hearing court must provide us not only with a complete record, *Augustine v. Augustine*, 228 Pa.Super. 312, 324 A.2d 477 (1974), but also with *a complete and comprehensive opinion which contains a thorough analysis of the record and specific reasons for the court's ultimate decision.* *Martincheck v. Martincheck*, 262 Pa.Super. 346, 396 A.2d 788 (1979); *Tobias v. Tobias*, 248 Pa.Super. 168, 374 A.2d 1372 (1977); *Gunter v. Gunter*, 240 Pa.Super. 382, 361 A.2d 307 (1976).

*Custody of White*, 270 Pa.Super. 165, 169–170, 411 A.2d 231, 232–33 (1979) (emphasis added).

The opinion and supplemental opinion of the lower court in the case before us are quite brief; combined, they barely exceed three pages. The court's findings from the record are set forth virtually as conclusions, with no discussion of the evidence relating thereto. The opinions ignore completely the testimony of a number of witnesses, and make no reference at all to the written reports of the county Children's and Youth Agency Caseworker who inspected the homes of, and interviewed, appellant and appellees. The opinions are likewise barren of the court's assessment, required by precedent, *see Custody of White, supra,* 270 Pa.Super. at 170, 411 A.2d at 233, of the witnesses' credibility.

The hearing court has also failed to consider the report of the master who had taken the testimony of the same witnesses in a prior proceeding. The master recommended that temporary custody of William be granted appellees, and that appellant be granted visitation privileges, so that, under the protective supervision, and with the assistance of the County Children's and Youth Agency, she might have the opportunity to develop her "parenting skills."

While we might review the record and reach a conclusion without the benefit of a proper analysis by the lower court, . . . [w]e are loath to pass judgment on something as precious and intrinsically valuable as a child's welfare without every possible piece of information bearing on the subject. It is for this reason that we demand a full record and a probing analysis thereof. Instantly, the opinion we are presented with renders it impossible to effect a just result.

*Id.*, 270 Pa.Super. at 170, 411 A.2d at 234 (footnote omitted).

The order of the court below is vacated and the cause remanded for the entry of a full opinion, in accordance with the law. Upon the filing of such an opinion, and the entry of an order thereon, any party may take a new appeal to this court.