461 A.2d 253

**Linda Lee SUPKO, Appellant,**

v.

**Paul Robert MONOSKEY.**

Superior Court of Pennsylvania.

Argued Jan. 11, 1983.

Filed May 27, 1983.

Timothy E. Durant, Clearfield, for appellant.

John R. Carfley, Philipsburg, for appellee.

Before POPOVICH, MONTGOMERY and VAN der VOORT, JJ.

POPOVICH, Judge:

Appellant, the natural mother of four children, is appealing an order of the trial court which dismissed her "PETITION FOR CUSTODY". We must reverse and remand the matter for the reasons herein stated.

The following facts are undisputed:

Appellant and appellee, the natural father, were married in 1969 and are the parents of four children: Paul Monoskey, Jr., now thirteen years of age; Joseph Monoskey, eleven years of age; Wendy Monoskey, nine years of age; and Robbie Monoskey, eight years of age. On September 22, 1977, the parties were divorced and agreed in writing, each with advice of counsel, that appellee would have custody of their four children. Visitations were arranged between the parties until the mother decided to retain the children after one of the visits.

On December 3, 1980, appellant, Linda Lee Supko, who has since remarried, filed the instant custody petition. After a hearing, the trial court awarded custody to appellee, Paul Robert Monoskey, Sr. This appeal followed.

In this appeal, appellant raises the following issues: (1) whether the trial court's findings, discussion, and opinion failed to provide a sufficient basis upon which to base a determination of custody; (2) whether the trial court failed to consider adequately all relevant facts in reaching its determination contrary to the best interests of the children; (3) whether the trial court erred in failing to consider the preferences of the two older children; and (4) whether the trial court placed undue emphasis on the fact that appellant retained the children after a period of visitation to the detriment of due consideration of other factors.

After the hearing, the trial court entered the following formal findings of fact:

"1. [Appellant]-mother left the domicile of the parties on June 5, 1977, and immediately proceeded to cohabit with Paul [Supko].

2. Except for visitations with the mother, agreed to by the parties, the children continued to live with [appellee]-father until retained by the mother on one of the visits, at the direction of her present attorney, and in disregard of the order of limited visitation entered by Honorable John K. Reilly, Jr. of this court.

3. The only attacks upon the fitness of [appellee] were allegations of (a) a drinking problem that [appellee] once had until some six months before the mother left the domicile; and (b) that [appellee] had not provided proper medical care for the children.

4. [Appellee] has not used intoxicants since December, 1976; and there was proper medical care of the children at all times.

5. Divorce proceedings were instituted on June 24, 1977; the mother being represented by her present attorney, Timothy Durant, Esq., and the father by Ira Smades, Esq.

6. In the course of negotiations, attorney Smades prepared and submitted a custody and property settlement agreement which was accepted by the parties and duly executed.

7. No dispute has arisen as to the division and transfer of property.

8. The agreement provided, inter alia, that 'under the circumstances existing at the present time' the husband shall be entitled to custody of all the children, but that the wife shall enjoy liberal rights of visitation as shall be agreed upon by the parties.

9. The father also assumed full and sole duty to support their children.

10. The agreement further provided that *in the event the parties should be unable to agree as to visitation, either 'may apply* to the appropriate Court having jurisdiction for such order or orders relating thereto as the Court shall determine.'

11. No similar term to that set forth above was provided as to *custody*.

12. The care given by the father to the children has been wholly adequate, despite claims of the mother to the contrary.

13. No testimony established any change in circumstances which could be considered at all detrimental to the interests or the welfare of the children.

15[sic]. The mother filed a petition for additional visitation; and after hearing, Honorable John K. Reilly, Jr. ordered limited visitation rights, with custody remaining in the father.

16[sic]. Thereafter, the mother obtained the children for a visit, but on direction of counsel failed and refused to return them to the father.

17[sic]. The father filed a petition against the mother seeking an order of contempt for violation of Judge Reilly's visitation order; said petition being filed on November 26, 1980, and hearing fixed for January 14, 1981.

18[sic]. Prior to hearing upon the petition for contempt, the mother's attorney filed the instant one for custody.

19[sic]. The mother is in contempt of the order entered by Honorable John K. Reilly, Jr.

20[sic]. There is no factual basis for the court to change custody from the father to the mother.

21[sic]. There is factual basis for continuing in the mother the prior order for limited visitation." (Emphasis added) Record at # 9.

From the above facts, the court determined that "this agreement for custody, followed by Judge Reilly's order as to visitation, should be sustained and enforced." Trial Court Opinion at 4.

■ We, however, are unable to engage in a comprehensive review of the record because the record is incomplete.

Generally, in contested custody cases, this Court has applied the following standard of review:

"It is settled that the paramount concern in a child custody proceeding is to determine what is in the best

interests of the child. *Commonwealth ex rel. Parikh v. Parikh*, 449 Pa. 105, 296 A.2d 625 (1972); *Sipe v. Shaffer*, 263 Pa.Super. 27, 396 A.2d 1359 (1979). In a contest between parents, each party bears the burden of proving that an award to that party would be in the best interests of the child. *In re Custody of Hernandez*, 249 Pa.Super. 274, 376 A.2d 648 (1977). The award must be based on the facts of record and not on mere presumptions; in particular, the tender years presumption is no longer recognized, *Sipe v. Shaffer, supra; McGowan v. McGowan*, 248 Pa.Super. 41, 374 A.2d 1306 (1977).

In order to ensure that the best interests of the child will be served, the appellate court will engage in a comprehensive review of the record. *Scarlett v. Scarlett*, 257 Pa.Super. 468, 390 A.2d 1331 (1978); *In re Custody of Myers*, 242 Pa.Super. 225, 363 A.2d 1242 (1976). Thus, while it will defer to the lower court's findings of fact, the appellate court will not be bound by the deductions or the inferences made by the lower court from those facts, but will make an independent judgment based upon its own careful review of the evidence. *Sipe v. Shaffer, supra; Scarlett v. Scarlett, supra*. In conducting this review, the appellate court will look to whether all the pertinent facts and circumstances of the contesting parties have been fully explored and developed. *See Sipe v. Shaffer, supra; Gunter v. Gunter*, 240 Pa.Super. 382, 361 A.2d 307 (1976). It is the responsibility of the lower court to make a penetrating and comprehensive inquiry, and if necessary, to develop the record itself. *See Commonwealth ex rel. Cox v. Cox*, 255 Pa.Super. 508, 388 A.2d 1082 (1978). After fulfilling this responsibility to ensure a complete record, the court must file a comprehensive opinion containing its findings and conclusions. *See Valentino v. Valentino*, 259 Pa.Super. 395, 393 A.2d 885 (1978); *Gunter v. Gunter, supra*. Only with the benefit of a full record and full opinion can the appellate court hope to fulfill its responsibility of conducting its own careful review. *Valentino v. Valentino, supra*. Where the record is incomplete or the opinion of the

lower court is inadequate, the case will be remanded. *See Valentino v. Valentino, supra; Commonwealth ex rel. Forrester v. Forrester,* 258 Pa.Super. 397, 392 A.2d 852 (1978); *Commonwealth ex rel. Cox v. Cox, supra.*"
*Parks v. Parks,* 284 Pa.Super. 400, 406–07, 426 A.2d 108, 111 (1981).[1]

At this stage of the proceedings, we cannot in good conscience exercise our appellate function because this Court is unable to decide on the present state of the record, the applicable standard of review. Appellee alleges that custody was "implicitly" confirmed previously:

"[o]n March 1, 1978, Judge Reilly issued an order granting the mother visitation rights *while implicitly confirming custody of the children in the father, Paul Robert Monoskey.* Prior to the hearing, [the] Court ordered home studies were completed by the Children and Youth Services division of the Domestic Relations Office of Clearfield County, Pennsylvania. (R 340a–343a). These studies were presented to the Court and considered by the Judge in his determination of the visitation petition on March 1, 1978." Brief for Appellee at 2. (Emphasis added).

On the other hand, appellant counters with the following argument:

"[p]rior to the hearing and decision in the present action, *there was no formal custody proceeding nor was there an actual custody order.* The visitation proceeding was only to enforce visitation pursuant to the parties['] agreement and the Order of March 1, 1978 was not a Court decision and order on custody." Brief for Appellant at 20. (Emphasis added).

The order of March 1, 1978, provided for the following:

"NOW, this 1st day of March, 1978, this matter coming before the Court upon a Petition for Visitation, upon

1. We note that the issue concerning the appropriate standard of review in custody cases has been certified for en banc consideration by this Court. *See In Re: Donna Williams and Edward Williams,* (J. 934/82).

agreement of the parties, it is the ORDER of this Court that the Petitioner shall have the right to visit with her Four (4) Children in her home on every other weekend commencing at 9:00 o'clock a.m. Saturday, until 5:00 o'clock p.m. Sunday, and for two two-week periods each summer, to coincide with the summer vacations of said children; that period is to be agreed upon by the parties. Further periods of visitation to be as agreed upon by the parties.

BY THE COURT,
/s/ John K. Reilly, Jr.
President Judge"

"Defendant's Exhibit C."

The proceedings surrounding the March 1, 1978 order are significant because a more restrictive standard of review governs petitions to modify an extant custody award. *See Daniel K.D. v. Jan M.H.*, 301 Pa.Super. 36, 39–42, 446 A.2d 1323, 1324–5 (1982). This particular standard has been articulated as follows:

"Under current case law, the party seeking modification of a custody award continues to have the burden of proving a substantial change in circumstances which will justify the court's reconsideration of the extant custody award. *[Commonwealth ex rel. Zaubi v. Zaubi] Zaubi I* [275 Pa.Super.Ct. 294, 418 A.2d 729 (1980)]. However, once a substantial change has been established, both natural parents share equally the burden of demonstrating with which parent the children's best interests will be served. *In re Custody of Frank*, 283 Pa.Super.Ct. 229, 423 A.2d 1229 (1980); *accord, Commonwealth ex rel. Oxenreider v. Oxenreider*, 290 Pa.Super.Ct. 63, 434 A.2d 130 (1981). This standard of proof recognizes that to protect [the] children's best interests the courts must assess evidence without reliance upon presumptions that prevent the natural parents from standing in pari causa. *Ellerbe v. Hooks*, 490 Pa. 363, 416 A.2d 512 (1980); *Oxenreider; Rummel v. Rummel*, 263 Pa.Super.Ct. 97,

397 A.2d 13 (1979); *In re Hernandez,* 249 Pa.Super.Ct. 274, 376 A.2d 648 (1977)." *Id.*

This Court also has recognized that:

"[a]lthough an agreement between parties as to custody is not binding upon the court, *Commonwealth ex rel. Veihdeffer v. Veihdeffer,* 235 Pa.Super.Ct. 447, 344 A.2d 613 (1975), *where the parties' agreement is incorporated into a court order, the order binds the parties and governs further court action in the same manner as any other custody order issued by a court. Common-wealth ex rel. Ackerman v. Ackerman,* 34 D. & C.2d 111 (1964), *aff'd,* 204 Pa.Super.Ct. 403, 205 A.2d 49 (1964) *allocatur refused,* Feb. 15, 1965 (involved unilaterally requested modification of the parties' prior stipulation which had been approved by the court); *Commonwealth ex rel. Hickey v. Hickey,* 216 Pa.Super.Ct. 332, 264 A.2d 420 (1970), *allocatur refused,* May 25, 1970; Pa.R.C.P. 1915.7 and Pa.R.C.P. 1915.9 and the attendant explanatory comments of the Civil Procedural Rules Committee (to be effective July 1, 1982)." *Id.,* 301 Pa.Superior 39 ftn. 1, 446 A.2d at 1324 ftn. 1. (Emphasis added).

This Court is unable to resolve the questions raised by the parties regarding the standard of review.

Although a certified copy of the "PETITION FOR VISITATION" was filed as an exhibit with the trial court, there is no transcript of any testimony or legal arguments presented in consideration of the petition. Additionally, the official docket entries which were forwarded to this Court are silent on any proceedings conducted before December 3, 1980, the date that appellant filed the custody petition. We note also that the record is ambiguous on the exact nature of the proceedings surrounding the trial court's determination of March 1, 1978. Without this information, we cannot address properly appellant's argument that the broader standard of review should apply because "there was no formal custody proceedings nor was there any actual custody order" prior to the hearing and decision of the trial court in the present action. Brief for Appellant at 20. *See also*

*Commonwealth v. Rini,* 285 Pa.Super. 475, 427 A.2d 1385 (1981). Nor can we address appellee's contention that the more restrictive standard should apply since "studies [conducted by the Domestic Relations Office of Clearfield County] were presented to the Court and considered by the Judge in his determination of the visitation petition on March 1, 1978." Brief for Appellee at 2.

As a result, because there is a question "as to whether the record truly discloses what occurred in the lower court", the matter must be remanded. *See* Pa.R.A.P. 1926 [2]; *see also Commonwealth v. Hobson,* 481 Pa. 526, 393 A.2d 29 (1978).

■ A remand also is warranted because even if an extant custody order did not exist, the trial court must also file a comprehensive opinion in contested custody cases.[3] *See Parks v. Parks, supra.*

**2.** Rule 1926 of the Rules of Appellate Procedure and the commentary section provide:

> If any difference arises as to whether the record truly discloses what occurred in the lower court, the difference shall be submitted to and settled by that court after notice to the parties and opportunity for objection, and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the lower court either before or after the record is transmitted to the appellate court, or the appellate court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the firm and content of the record shall be presented to the appellate court.
>
> *Note:* Based on former Supreme Court Rule 63 and former Superior Court Rule 54. This rule is intended to close a gap in the prior practice whereby the lower court could not correct an error discovered in writing an opinion under Rule 1925 (opinion in support of order). This rule does not enlarge the power of the lower court to rewrite the record but, together with Rule 1922(c) (certification and filing), merely postpones the reading and correction by the trial judge of an unobjected to transcript (except for the charge to the jury in criminal proceedings) from the transcription stage to the opinion writing stage, so as to conform to actual practice.
>
> Amended Dec. 11, 1978, effective Dec. 30, 1978.

**3.** On remand, the court should also articulate the standard of review which it has applied because "an agreement between the parties as to

The discussion portion of the trial court's opinion reads as follows:

"That [appellant] was in contempt in not obeying the order of the Honorable John K. Reilly, Jr. is not to be doubted. The fact that her attorney, then and now, advised her to do so is not acceptable as an excuse for her actions. However, as indicated, we do not find this to detract from her fitness. Neither do we find any basis for her attacks upon the fitness of the father of these children. He has provided adequate and complete care for them.

The controlling factor in deciding the custody of children must be their best interest. *Com. ex rel. Spriggs v. Carson*, 470 Pa. 290, 368 A.2d 635. Although ordinarily the child is best served by the mother (*Com. ex rel. Fortunes v. Manos*, 140 Pa.Super. 352 [13 A.2d 886]), this is not always so.[4] The moral character of the mother can serve some consideration, certainly; and so, her prior lack of interest until, as here, she has obtained a divorce which was preceded by months of separation and by a custody agreement which gave custody to the father. Also, a consideration for the court is her lack of regard

custody is not controlling but should be given weight *taking into consideration all the circumstances. Commonwealth ex rel. Children's Society, Guardian v. Gard, et ux.*, 362 Pa. 85, 66 A.2d 300 (1949). A child cannot be made the subject of a contract with the same force and effect as if it were a mere chattel has long been established law." *Commonwealth ex rel. Veihdeffer v. Veihdeffer*, 235 Pa.Super. at 448–49, 344 A.2d at 614 (1975) (emphasis added); *see also Daniel K.D. v. M.H., supra.*

4. We note that the "clear trend has been to abolish presumptions in custody disputes.*

    * In child custody cases, the court must 'continually hew to the pole star of a child's best interests, eschewing presumption and surmise.' *Morris v. Morris*, 271 Pa.Super. 19, 24, 412 A.2d 139, 141 (1979). See, e.g. *Com. ex rel. Spriggs v. Carson*, 470 Pa. 290, 368 A.2d 635 (1977); *Tobias v. Tobias*, 248 Pa.Super. 168, 374 A.2d 1372 (1977) (no presumption that mother should be awarded custody of child of 'tender years'); *In re Custody of Hernandez*, 249 Pa.Super. 274, 376 A.2d 648, 653 (1977) (no presumption that child's best interest will be served by being raised by a parent)."

*Commonwealth ex rel. Jordan v. Jordan*, 302 Pa.Super. 421, 429 ftn. 8, 448 A.2d 1113, 1117 ftn. 8 (1982).

for an order of court which limited her rights to visitation shortly before she violated the order by holding the children after she should have returned them to the father. See and compare *In re Irizarry,* 195 Pa.Super. 104, 169 A.2d 307. Further, even though the mother is found to be fit, custody may be awarded to the father; and there is factual and legal foundation for doing so here. Cf. *Kepler v. Kepler,* 87 Dauph. 181 (1967) and *Com. ex rel. Mitchell v. Mitchell,* 186 Pa.Super. 347, 142 A.2d 304.

This agreement for custody, followed by Judge Reilly's order as to visitation, should be sustained and enforced. The circumstances certainly dictate such a result. We so determine, circumstances so heavily favor the rights of the father—as they do here. Cf. *Com. ex rel. Veihdeffer v. Veihdeffer,* 235 Pa.Super. 447, 344 A.2d 613." Trial Court's Opinion at 4–5.

The above discussion of the evidence and the findings entered by the court fail to contain any findings as to the credibility of the parties, the home surroundings, and the conditions and care of the children from which the paramount issue of the children's welfare can be determined. *See Commonwealth ex rel. Veihdeffer v. Veihdeffer,* 235 Pa.Super. 447, 344 A.2d 613, 614 (1975). Additionally, the opinion does not contain a full discussion of the evidence since there is no mention that the two older children expressed a preference to live with their mother and her husband.[5] The court also failed to mention that appellant has married Paul Supko even though it did mention that appellant "proceeded to cohabit with Paul [Supko]." "FINDINGS OF FACT" No. 1. This selectivity in the court's discussion of the evidence and the other deficiencies in the record necessitate a remand.

**5.** Although the trial court's preliminary findings which were made orally at the close of the hearing mentioned that "the children indicated [that] they wanted to be with their mother", the trial court failed to include this as a factor in its discussion of the opinion which was filed some six months later. See Record at No. 8, pg. 5–6. This discrepancy should be resolved on remand.

480

The order is vacated and this case is remanded for further proceedings consistent with this opinion. Jurisdiction is retained.

After the trial court makes the above determinations and makes any necessary additions to the record, this case shall forthwith be returned to this court.