## Johnson v. Johnson

*Leslie Gorbey,* for plaintiff.
*Christopher C. Straub,* for defendant.

HUMMER, *J.,* December 5, 1983—Presently before the court is a petition for contempt of custody brought by plaintiff, Linda Owen Johnson. Plaintiff and defendant, Steven M. Johnson, married on March 17, 1968 and had two children; Jennifer Johnson, born June 8, 1971, and Tiffany Johnson, born June 22, 1978. The parties were divorced by a decree of this court dated June 25, 1982. Plaintiff originally sought a divorce on indignities but was given leave to proceed under the new Divorce Code,

under 23 Pa.C.S. §201(c). Neither party contested the divorce, but a special master was appointed and a hearing scheduled for the issues of equitable distribution, alimony, support, counsel fees, and costs.

On the day of the hearing, apparently after some testimony had been taken, the parties reached an agreement (agreement) on equitable distribution, support, alimony, counsel fees, and custody of the parties' two minor children. The master read the terms of the agreement into the record and directed that the testimony not be transcribed.

The master recommended that a divorce be granted and the agreement incorporated into the divorce decree. Neither party took exceptions and the agreement was incorporated into the divorce decree as recommended. Neither party submitted a stipulated order for custody or scheduled a custody conference or hearing, and hence, there was never a custody order entered by this court.

The agreement provided that plaintiff would retain primary custody of the couple's two daughters and the father would have temporary custody rights. While plaintiff and the children lived in Lancaster County, defendant would have the children for two weekends a month; and when plaintiff moved out of Pennsylvania, defendant would have the children for two weeks each summer and any additional time mutually agreed on by the parties when defendant was in the area where the children reside.

Plaintiff moved out of Pennsylvania with the children, and she and the children are now residing in Texas. It is unclear from the record how long plaintiff and the children have lived in Texas, or whether they moved to Texas immediately after leaving Pennsylvania.

On June 10, 1983, the children came to visit their father, defendant, in Lancaster County. It appears that the parties had agreed that the children were to be returned to plaintiff in Texas no later than July 15, 1983. The children were not returned and on July 22, 1983, plaintiff filed a petition for contempt of custody and the Honorable Michael J. Perezous signed an order fixing a time and place for a contempt hearing, and directing that the children be returned to plaintiff pending resolution of this contempt action. The hearing was set for September 15, 1983. At the hearing, the court dismissed plaintiff's petition for contempt upon motion by defendant's counsel and denied a request by plaintiff's counsel to take testimony.

Plaintiff has never properly raised the issue of custody. The special master appointed in the parties' divorce action had no authority with respect to custody. Claims for custody of children shall be heard by the court. Pa.R.C.P. 1920.32. In addition, the Divorce Code specifically excludes custody as one of the issues on which a master may hear testimony. 23 Pa.C.S. §304.

The Pennsylvania Supreme Court has adopted specific procedural rules for custody. See Pa.R.C.P. 1915.1-1915.25. The current rules for custody provide that the court must approve all custody agreements entered into by the parties. Pa.R.C.P. 1915.7. Although the current Supreme Court rules for custody were not in effect at the time the parties entered into their agreement, the Local Rules of Court for Lancaster County that were in effect at that time required that all custody matters be scheduled for a conference before the court. The conference procedure gave this court an opportunity to determine whether there was jurisdiction in Lancaster County, and to settle disputes between the parties. In this

case, neither party ever scheduled a custody conference and this court never had an opportunity to review the custody arrangement.

Plaintiff is now asking this court to enforce the provision in the agreement which pertains to the custody of the parties' children, as if it were a court order. We cannot give the custody provision in the agreement the force of a court order merely because the agreement was incorporated into the divorce decree. As the matter now stands, there is no custody order and because there is no order, there is nothing for defendant to be in contempt of.

We might agree with plaintiff if she were seeking to enforce a provision of an agreement which had been incorporated into a divorce decree and that provision set a minimum support payment. Brown v. Hall, 495 Pa. 635, 435 A.2d 859 (1981). However, this case involves custody and the legal principles governing custody are completely different from those governing support. In any custody action, the primary consideration is the best interest of the child. Commonwealth ex rel. Spriggs v. Carson, 470 Pa. 290, 368 A.2d 635 (1977). In custody matters, an agreement between the parties does not bind the court. Commonwealth ex rel. Veihdeffer v. Veihdeffer, 235 Pa. Super. 447, 344 A.2d 613 (1975). The court will review and evaluate an agreement and determine for itself whether the agreed arrangement is in the best interest of the child. In Veihdeffer, the Superior Court said:

"It is well-settled that an agreement between the parties as to custody is not controlling, but should be given weight, taking into consideration all the circumstances. A child cannot be made the subject of a contract with the same force and effect as if it were a mere chattel." Commonwealth ex rel. Veihdeffer v. Veihdeffer, supra, 448. Hence, while

this court may give weight to the parties' agreement as evidence of what they thought was in the best interest of the children at the time the agreement was made, we are in no way bound by it. Parents cannot agree between themselves to a custody arrangement and then expect this court to enforce it without any opportunity for making an independent review of the arrangement and a determination as to whether it would be in the best interest of the children.

In addition, we must note that this court probably does not have jurisdiction over this matter. We say probably because the procedure and pleadings in this case do not conform to the Pennsylvania Rules of Procedure and to local procedures and, consequently, the court is unable to determine exactly how long the children have resided outside of the State of Pennsylvania.[1]

At the hearing plaintiff's counsel said, "The children are residing with their mother and have been residing with their mother for quite a period in Texas." We assume from the statement made by plaintiff's attorney that the children have resided in Texas for more than six months. If our assumption is correct, then this court does not have jurisdiction over the matter.

The Uniform Child Custody Jurisdiction Act provides that there are three major bases for jurisdiction in custody cases: "home state" jurisdiction; jurisdiction based on "significant contacts" among the various parties to the custody action and the locale

---

[1]. This case is an example of some of the difficulties which arise when proper procedure is not followed. In a custody matter, the proper procedure is to file a custody complaint. Then, the court will have the information it needs in order to make a determination as to whether it has jurisdiction.

in which the action has been brought; and "parens patriae" jurisdiction for emergency situations in which a child is abandoned, abused or dependent. Hattoum v. Hattoum, 295 Pa. Super. 169, 441 A.2d 403 (1982) and 42 Pa.C.S. §5344. "Home state" jurisdiction is preferred under the act and "home state" is defined as the state in which the child resided at the beginning of the proceeding or was the "home state" within six months prior to the commencement of the proceeding. In the Matter of D.L.S. and J.L.S., 278 Pa. Super. 446, 420 A.2d 625 (1980). In this case, Pennsylvania is not the home state because the children do not reside here and apparently have not done so for more than six months. Hence, this court does not have "home state" jurisdiction under 42 Pa.C.S. §5344(a)(1).

A second basis for jurisdiction is the so-called "significant contacts" basis in which the Commonwealth has jurisdiction because:

"(i) the child and his parents, or the child and at least one contestant, have a significant connection with this Commonwealth, and

(ii) there is available in this Commonwealth substantial evidence concerning the present or future care, protection, training, and personal relationships of the child." 42 Pa.C.S. §5344(a)(2). We would not have jurisdiction under this section for two reasons. First, defendant is not a "contestant" within the meaning of the act. See 42 Pa.C.S. §5343. He is not seeking any custody or visitation rights in this proceeding. He is in court only because a contempt action has been brought against him. Second, the Commonwealth is not the locus of substantial evidence concerning the future care and relationships of the children. They are now living in Texas and that is the location of evidence concern-

ing their present and future lives.[2] In short, a careful reading of the Uniform Child Custody Jurisdiction Act shows that this forum does not have jurisdiction over the matter.

This case is similar to Warman v. Warman, 294 Pa. Super. 285, 439 A.2d 1203 (1982). In Warman, there was a private agreement between the parties which governed the custody of their child. The agreement was made in Pennsylvania and it provided that its terms should be construed under the laws of Pennsylvania. The agreement provided that the mother would have primary custody and the father would have custody during school vacations. The mother moved out of state with the child and the father instituted a custody proceeding during the summer when the child was visiting with him. The Superior Court upheld the lower court's decision to decline jurisdiction in the matter.

The facts of this case are even less compelling for a finding of jurisdiction in this forum than those of Warman. Defendant is not asking for any custody or visitation rights and the agreement does not specifically refer to contruction under Pennsylvania law.

Accordingly, the court dismisses plaintiff's petition for contempt of custody.

## ORDER

And now, this December 5, 1983, in consideration of the above discussion and the record reviewed by the court, but not specifically cited, the court dismisses plaintiff's petition for contempt and incorporates its order of September 15, 1983 into this opinion.

2. There is no basis for the "parens patriae" emergency jurisdiction outlined in 42 Pa.C.S. §5344(a)(3) because the children are now residing in Texas with their mother.