**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
NATHANIEL PHILLIPS JR. :
:
Appellant : No. 248 MDA 2025

Appeal from the Judgment of Sentence Entered September 20, 2024
In the Court of Common Pleas of Dauphin County
Criminal Division at No:  CP-22-CR-0002990-2022

BEFORE:  STABILE, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.:　　　　　**FILED: FEBRUARY 2, 2026**

Appellant, Nathaniel Phillips Jr., seeks review of the judgment of sentence entered by the Court of Common Pleas of Dauphin County (trial court).  While on probation in 2022, Appellant was arrested for possessing firearms and controlled substances.  He was later sentenced after a bench trial to an aggregate prison term of six to 12 years.  In this appeal, Appellant's central claim is that his conviction for unlawfully possessing a firearm under 18 Pa.C.S.A. § 6105(a) must be vacated because, as applied to him, the statute's imposition of a firearms ban violates his constitutional right to bear arms, to receive equal protection under the law, and to be free from cruel and unusual punishment.[1]  We affirm.

---

[1] Appellant has asserted these claims under both the United States Constitution and the Pennsylvania Constitution.

On the date of his arrest in the present case, April 25, 2022, Appellant was serving a probationary term in an unrelated matter. While standing on a street corner, a probation officer encountered Appellant and then seized him for the purpose of bringing him to his two apartments to conduct warrantless searches of those residences. The searches yielded a variety of controlled substances, as well as a firearm described by the trial court as a "musket revolver handgun." Trial Court Opinion, at 4/8/2025, at 1.

Appellant was charged with six counts – one count of persons not to possess firearms (18 Pa.C.S.A. § 6105(a)); four counts of possession with intent to deliver a controlled substance (35 P.S. § 780-113(a)(30)) (PWID); and one count of unlawful possession of drug paraphernalia (35 P.S. § 780-113(a)(32)). In his omnibus pre-trial motion, Appellant challenged the constitutionality of 18 Pa.C.S.A. § 6105(a).

The trial court denied the motion, finding that the issue was controlled by a recent *en banc* decision of the Court of Common Pleas of Dauphin County (**Commonwealth v. Farmer**, CP-22-CR-0004742-2020), which held that section 6105 passed constitutional muster. At a non-jury trial on September 20, 2024, Appellant was found guilty as charged. The trial court sentenced Appellant to a prison term of six to 12 years as to the firearm possession offense; the sentences as to the remaining counts were all made concurrent with that latter count.

On September 30, 2024, Appellant filed a post-sentence motion in which he contended more specifically that section 6105 is unconstitutional as applied

to him because it violated the rights guaranteed by the Second, Fifth, and Eighth Amendments to the United States Constitution, as well as the corresponding provisions of the Pennsylvania Constitution (Article I, Sections 13, 21, and 26). It is undisputed that, prior to his arrest in the present matter, Appellant had been convicted of numerous qualifying felony offenses enumerated in subsections 6105(b) and 6105(c), triggering the statute's prohibitions on Appellant's right to possess a firearm at the time the present offenses occurred.

The Commonwealth filed a response to Appellant's post-sentence motion on January 10, 2025. This response gave an extensive summary of Appellant's criminal history, which includes the commission of offenses that qualify him for the firearm restrictions of section 6105:

5. [I]n 2010, Appellant was found to be carrying a firearm and dealing drugs in South Carolina.

6. In the instant offense Appellant was found to be in possession of a firearm with his drugs.

7. Appellant recently pled guilty to **PWI[D]**, fleeing or attempting to elude police, false reports, and disorderly conduct.

8. Appellant pled guilty to **PWI[D]** on January 27, 2021.

9. Appellant pled guilty to simple assault on January 21, 2021. He had originally been charged with simple assault as well aggravated assault and strangulation.

10. Appellant pled guilty to **PWI[D]** and drug paraphernalia in 2016.

11. Appellant pled guilty to persons not to possess firearms, possession of a firearm with an altered serial number, carrying a

firearm without a license, **PWI[D]**, and drug paraphernalia in 2012.

12.  Appellant also pled guilty to **multiple counts of PWI[D]**, and then single counts of **escape**, **corruption of minors**, possession of a controlled substance, and drug paraphernalia again in 2012.

13.  Appellant pled guilty to simple assault again on September 20, 2024.

14.  Appellant also pled guilty that same date on another docket to **two counts of PWI[D]**.

15.  Even as far back as 2004, when Appellant was a juvenile, he was adjudicated delinquent of PWI[D] multiple times as well as possession of a controlled substance, persons not to possess firearms, carrying firearms without a license, altering and obliterating the marks on a firearm, and possession of a firearm with an altered manufacturer's number.

16.  Thus, Appellant's history is almost entirely for drugs, guns, and violence.

17.  Appellant has a long history of possessing firearms that cannot be traced, assaulting other people, and selling drugs, all inherently dangerous and menacing offenses as set forth above.

Commonwealth's Response to [Appellant's] Post-Sentence Motion, 1/10/2025, at paras. 5-17 (emphasis added, internal footnotes and citations omitted); *see also id*., at Exhibit A (print-out of criminal history).

Based on Appellant's prior convictions, the Commonwealth argued that section 6105 could not have imposed an unlawful restriction on any of Appellant's constitutional rights. *See id*.

The trial court denied Appellant's post-sentence motion on January 23, 2025, relying on this Court's decision in *Commonwealth v. Farmer*, 329

A.3d 449 (Pa. Super. 2024), as well as the above criminal history outlined by the Commonwealth. **See** Trial Court Order, 1/23/2025, at 1.

Appellant timely appealed, again raising his constitutional challenges to section 6105. The trial court filed a 1925(a) opinion, citing this Court's reasoning in **Farmer** to explain that Appellant's past acts of selling drugs, violence, and illegal use of firearms had justified the punishment for his most recent conduct under section 6105. **See** Trial Court 1925(a) Opinion, 4/8/2025, at 2-3 (citing **Farmer**, 329 A.3d at 458).[2]

In his brief, Appellant now raises three issues concerning the constitutionality of statutory restrictions on his right to possess firearms:

> I. [W]as it an error when the trial court determined 18 [Pa.C.S.A.] § 6105 did not violate his constitutional right to bear arms under federal (U. S. Const. amend. II) and state (Pa. Const. Art. I, § 21) law, particularly given that Appellant's judgments of sentence that trigger his lifetime firearms ban were served and completed at the time of the entry of the order denying post-sentence relief?

> II. [W]as it an error when the trial court determined 18 [Pa.C.S.A.] § 6105 did not violate his constitutional right to equal protection under federal (U.S. Const. amend. XIV, § 1) and state (Pa. Const. Art. I, § 26) law provided that other similarly situated groups (felonious juveniles and violent domestic abusers) are not subject to a lifetime firearm disability?

> III. [W]as it an error when the trial court determined 18 [Pa.C.S.A.] § 6105 did not violate his constitutional right to be free from cruel punishment under federal (U.S. Const. amend. VIII) and state (Pa. Const. Art. I, § 13) law?

---

[2] As of the filing date of this memorandum, this Court's opinion in **Farmer** is pending review before the Pennsylvania Supreme Court. **See** **Commonwealth v. Farmer**, 343 A.3d 180 (Pa. 2025) (granting allocatur).

- 5 -

Appellant's Brief, at 6 (suggested answers omitted, issues renumbered).[3]

As the issues before this Court all involve the constitutionality of section 6105 (as applied to Appellant), our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Bizzel**, 107 A.3d 102 (Pa. Super. 2014) (noting that the constitutionality of a statute presents a pure question of law), *appeal denied*, 126 A.3d 1281 (Pa. 2015). For an "as applied" constitutional challenge, the court determines whether a law with some permissible applications is unconstitutional as applied to a party in a given case. **See Spence v. Washington**, 418 U.S. 405, 414 (1974).

Appellant's first claim is that section 6105 violates his right to bear arms, as guaranteed by the Second Amendment to the United States Constitution and the Pennsylvania Constitution.[4] He argues, essentially, that the statute's restriction is only constitutional when the qualifying offenses are violent crimes, and that his own qualifying offenses, namely PWID, were non-violent in nature. **See** Appellant's Brief, at 17-22.

_____

[3] Both the trial court, in its rulings, and the Commonwealth, in its brief, have only addressed Appellant's constitutional claim regarding his right to bear arms.

[4] The Second Amendment states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. Article I, section 21 of the Pennsylvania Constitution provides that "[t]he right of the citizens to bear arms in defense of themselves and the State shall not be questioned." Appellant does not parse his arguments with respect to state and federal constitutional law.

Under subsection 6105e(a), persons are prohibited from possessing firearms if they have been convicted of any offenses enumerated in subsection 6105(b), or if they meet the criteria in subsection 6105(c). **See** 18 Pa.C.S.A. § 6105(a)(1). Subsection 6105(b) lists, in pertinent part, the offenses of escape (section 5121) and corruption of minors (section 6301).

Subsection 6105(c), in turn, provides that persons are subject to the statute's firearm restriction if they have been convicted of an offense under the Controlled Substance, Drug, Device and Cosmetic Act (35 P.S. §§ 780-1 – 780-144), or any equivalent federal or state statute, which is punishable by a prison term of over two years. **See** 18 Pa.C.S.A. § 6105(c)(2).

Here, there is no dispute that Appellant was convicted of qualifying violations of the Controlled Substances Act (PWID) on numerous occasions prior to his arrest in the present matter. He was also convicted of the qualifying offenses of escape and corruption of minors.

Under our recent controlling precedent, Appellant's conviction under section 6105 did not violate his constitutional right to bear arms. About a month after Appellant's brief was filed, this Court decided **Commonwealth v. Randolph**, 343 A.3d 1248 (Pa. Super. 2025), a strongly analogous case in which the defendant also qualified for a firearm ban by (twice) committing the offense of PWID. After the defendant in **Randolph** was found guilty of violating section 6105, he argued on appeal that the statute was unconstitutional, as applied to him, because it infringed on his Second Amendment rights.

The **Randolph** Court rejected that constitutional challenge, and began its analysis by reviewing several decisions of the United States Supreme Court which addressed similar firearm restrictions. **See Randolph**, 343 A.3d at 1251-1255 (citing **United States v. Rahimi**, 602 U.S. 680, 698 (2024); **New York State Rifle & Pistol Assoc. v. Bruen**, 597 U.S. 1 (2022); **McDonald v. City of Chicago**, 561 U.S. 742 (2010); **District of Columbia v. Heller**, 554 U.S. 570 (2008).

The Court then discussed a number of its own recent decisions on that issue. **See Commonwealth v. McIntyre**, 333 A.3d 417 (Pa. Super. 2025); **Commonwealth v. Jenkins**, 328 A.3d 1076 (Pa. Super. 2024), *appeal granted*, No. 18 MAL 2025 (Pa. July 8, 2025); **Farmer**, 329 A.3d 449, *appeal granted*, No. 44 MAL 2025 (Pa. July 8, 2025).

To summarize, the Court explained that the as-applied constitutional challenge to section 6105 involves the two-part test articulated by the United States Supreme Court in **Bruen**:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

**Randolph**, 343 A.3d at 1252 (quoting **Bruen**, 597 U.S. at 24).

A prohibition on a person's right to bear arms will comport with the "historical tradition of firearm regulation" where that person "poses a clear

threat of physical violence to another[.]" **Farmer**, 329 A.3d at 454 (quoting

**Rahimi**, 602 U.S. at 698).

As to the first part of the **Bruen** test, the **Randolph** Court held that the

defendant was indeed "one of the people" protected by the Second

Amendment, "despite having prior felony convictions." **Id**., at 1256. The

same goes for Appellant in the present case.

As to the second part of the **Bruen** test, the **Randolph** Court held that

the Commonwealth had carried its burden of showing "that the prohibition

imposed on [the defendant] by [section] 6105 'is consistent with the Nation's

historical tradition of firearm regulation.'" **Id**., at 1258 (quoting **Bruen**, 597

U.S. at 24). The **Randolph** Court stressed that this conclusion was in line

with federal authorities which have linked violence to the illegal distribution of

controlled substances:

> [O]ur holding aligns with the federal court cases . . . that have
> addressed this nearly identical issue and concluded that the
> dangerous combination of drugs and firearms permits the
> government's regulation. **See** Amicus brief at 25-28 (citing, by
> way of example, **Jackson**, **United States v. Birry**, 2024 WL
> 3540989 (M.D. Pa. 2024), and **United States v. Daniels**, 2024
> WL 4906482 (E.D. Pa. 2024)).
>
> In reaching this decision, we necessarily conclude that Appellant's
> arguments to the contrary are unpersuasive. Although he devotes
> a significant portion of his brief to describing that PWID is not a
> "crime of violence," that contention is unavailing since "crime of
> violence" is not the term utilized by the U.S. Supreme Court
> throughout its recent case law.

**Id**., at 1259; **see also Commonwealth v. Ali**, 149 A.3d 29, 38 (Pa. 2016)

("The general community effects of illegal drug distribution are well-known,

including effects (sometimes fatal) upon abusers, attendant property crimes by certain of those suffering from addiction, and violence associated with certain drugs or manners of distribution.").

Thus, since **Randolph** controls our present disposition of Appellant's first claim, we find that, as applied to Appellant, the firearm restriction does not violate his constitutional right to bear arms under state or federal law. **See Randolph**, 343 A.3d at 1253; **see also Commonwealth v. Purdie**, No. 2651 EDA 2024 (Pa. Super. filed December 15, 2025) (unpublished memorandum) (affirming conviction under 6105 because, as in **Randolph**, the defendant's prior drug possession convictions made him a "credible threat" to the public safety, making the statutory prohibition constitutional, as applied).

Appellant's second claim is that, as applied to him, section 6105 violates his federal and state constitutional right to receive equal protection because similarly situated groups ("felonious juveniles and violent domestic abusers") would not be subject to a lifetime firearm restriction as he is, despite having committed the same qualifying offenses. **See** Appellant's Brief, at 23-26. This challenge is somewhat undeveloped in Appellant's briefing, as there is little to no argument explaining how Appellant is similarly situated to juvenile offenders and alleged domestic abusers; nor does Appellant adequately explain why any disparate treatment as to those groups is the result of an

unjustifiable standard. Nevertheless, we will endeavor to consider the merits of Appellant's equal protection claim.

"The concept of equal protection requires that uniform treatment be given to similarly situated parties." *Commonwealth v. Grove*, 170 A.3d 1127 (Pa. Super. 2017) (quoting *Commonwealth v. Kramer*, 378 A.2d 824, 826 (Pa. 1977)). "The right to equal protection under the law does not absolutely prohibit the Commonwealth from classifying individuals for the purpose of receiving different treatment, and does not require equal treatment of people having different needs." *Curtis v. Kline*, 666 A.2d 265, 267-68 (Pa. 1995) (citations omitted). A classification may be upheld despite resulting in different effects on different groups as long as the classification "has a fair and substantial relationship to the object of the legislation." *Id*., at 268.

For an equal protection claim based on asserted discriminatory enforcement,

> the party claiming such discrimination must show that persons similarly situated have not been treated the same and that the decisions were made on the basis of an unjustifiable standard such as race, religion, or other arbitrary classification or to prevent the party's exercise of a fundamental right.

*Grove*, 170 A.3d at 1146 (quoting *Correll v. Commonwealth of Pa., Dep't of Transp., Bureau of Driver Licensing*, 726 A.2d 427, 431 (Pa. Cmwlth. 1999) (*en banc*)).

At the outset, we observe that Appellant has not established the threshold requirement of showing that the different groups cited in his claim are similarly situated to him for purposes of equal protection. Juveniles are subject to juvenile court proceedings which are "not criminal in nature but constitute merely a civil inquiry or action looking to the treatment, reformation and rehabilitation of the minor child[.]' " *In re J.B.*, 39 A.3d 421, 426 (Pa. Super. 2012) (quoting *Commonwealth v. Henig*, 189 A.2d 894, 896 (Pa. Super. 1963) (*en banc*)).

The Juvenile Act (42 Pa.C.S.A. §§ 6301-6375) was created as a "separate legal system for the adjudication of juvenile offenders." *Int. of J.C.*, 286 A.3d 288, 292 (Pa. Super. 2022) (citations omitted). As stated in the Juvenile Act, the purpose of this separate system is "to provide for the care, protection, and wholesome mental development of children." *In re J.B.*, 39 A.3d at 426-27 (quoting 42 Pa.C.S.A. § 6301(b)(1.1)). Unlike in a criminal prosecution of an adult, "[t]he purpose of juvenile proceedings is . . . designed to provide a distinctive procedure and setting to deal with the problems of youth." *Id*. An adjudication of delinquency for committing a delinquent act "is not a conviction of a crime." 42 Pa.C.S.A. § 6354(a).

Juveniles adjudicated delinquent of any qualifying offenses enumerated in section 6105, or any equivalent federal statute, are subject to the firearm restrictions of the statute. *See* 18 Pa.C.S.A. § 6105(c)(2). For juveniles subject to the firearm restrictions of section 6105, the "prohibition shall

- 12 -

terminate 15 years after the last applicable delinquent adjudication or upon the person reaching the age of 30, whichever is earlier." 18 Pa.C.S.A. § 6105(c)(8). There is no automatic restoration of firearm rights for non-juvenile offenders, such as Appellant, under section 6105.[5]

Even assuming that Appellant may be subject to a longer firearm prohibition than a juvenile who has committed the same qualifying offenses, he is not similarly situated to a juvenile offender. A juvenile's limited life experience, and the distinct "problems of youth," *In re J.B.*, 39 A.3d at 426-27, have long been recognized as reasons to treat juveniles differently than adults who have committed the same offense. This is the very reason why the Juvenile Act exists in the first place. *See id*.

Moreover, any disparate treatment between adult offenders like Appellant and a juvenile offender would be justified on the basis of the above-discussed age-based standard. This classification is not arbitrary, and was not created to prevent adult offenders to exercise a fundamental right. A shorter firearm restriction for juveniles would be entirely consistent with the

---

[5] Appellant refers to the firearm restriction imposed upon him as a "lifetime ban," but that is not accurate. A person may be relieved of the firearm restrictions of section 6105 by several means. Under subsection 6105(d), a person convicted of a qualifying offense may apply to the trial court for relief from the firearm disability imposed by the statute. *See* 18 Pa.C.S.A. § 6105(d). A trial court "shall grant such relief" if it determines, *inter alia*, that "[a] period of ten years, not including any time spent in incarceration, has elapsed since the most recent conviction of the applicant of a crime enumerated in subsection (b), [or] a felony violation of The Controlled Substance [Act.]" 18 Pa.C.S.A. § 6105(d)(3)(ii).

Juvenile Act's stated goals. **See id**. Thus, Appellant's equal protection claim, based on disparate treatment from juvenile offenders, has no merit.

With respect to the remaining classification cited by Appellant – individuals subject to a protection from abuse (PFA) order – we are again unpersuaded that section 6105 violates Appellant's right to equal protection under the law.

"The purpose of the Protection from Abuse Act . . . is to protect victims of domestic violence from the perpetrators of that type of abuse and to prevent domestic violence from occurring." **Scott v. Shay**, 928 A.2d 312, 314 (Pa. Super. 2007). "To meet the special exigencies of abuse cases, acceptable procedures have been fashioned which suspend, temporarily, the due process rights of the alleged abuser and provid[e] for summary procedures for implementation of orders." **In re Penny**, 509 A.2d 338, 340 (Pa. Super. 1986).

Under section 6108(a)(7) of the Protection from Abuse Act, 23 Pa.C.S.A. §§ 6101-6122, a trial court may order a defendant to relinquish a firearm and ammunition for the duration of a temporary PFA order's effect. A PFA order may remain in effect for up to three years. **See** 23 Pa.C.S.A. § 6108(d). However, there is "no limitation on the number of extensions that may be granted." 23 Pa.C.S.A. § 6108(e).

Even assuming that Appellant's restriction is harsher than that of a defendant in a PFA proceeding, Appellant would not be similarly situated to

such an individual. A bedrock principle of American jurisprudence is that individuals accused of a crime are innocent until proven guilty beyond a reasonable doubt. Crucially, defendants in a PFA proceeding have not been convicted of a criminal offense, and the PFA Act is not meant to determine criminal culpability. **See Boykin v. Brown**, 868 A.2d 1264 (Pa. Super. 2005). Firearm restrictions imposed pursuant to a PFA order are permissible only due to the "special exigencies of abuse cases" which justify the temporary suspension of due process rights. **See In re Penny**, 509 A.2d at 340.

The temporary nature of the firearm ban therefore does not run afoul of the right to equal protection because, even if such individuals have their firearm rights promptly restored upon the expiration of a PFA order, the fact remains that they would still be considered innocent of any alleged domestic offenses until proven guilty in a court of law. Indeed, nothing would stop the Commonwealth from charging such individuals with violent offenses perpetrated during a domestic dispute. Upon a successful prosecution, a conviction for a violent felony offense would then qualify such individuals for purposes of a firearm ban under section 6105.

Accordingly, Appellant has failed to show that he is similarly situated to a PFA defendant whose firearm rights may be restored sooner than his own. Appellant's qualifying convictions under section 6105 would definitively undermine his equal protection claim that he is similarly situated to persons who have not even been charged with a qualifying offense. Thus, Appellant

has failed to show that, as applied to him, section 6105 violates his right to equal protection.

Appellant's third claim is that, as applied to him, section 6105 violates his federal and state constitutional right to be free from cruel and unusual punishment. As with Appellant's equal protection claim, the issue is undeveloped. Appellant simply contends that the firearm restriction imposed by section 6105 is excessive in light of his lack of any felonious crimes of violence. *See* Appellant's Brief, at 27-28.

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishments inflicted." The Eighth Amendment's cruel and unusual punishments clause prohibits sentences which are wholly and irrationally disproportionate to the crime." *See Commonwealth v. Oree*, 911 A.2d 169, 173 (Pa. Super. 2006).

The Pennsylvania Constitution's prohibition against "cruel punishments" is coextensive with the Eighth Amendment of the United States Constitution. *See Commonwealth v. Cottam,* 616 A.2d 988, 1003 (Pa. Super. 1992). The Pennsylvania Constitution affords no broader protection against excessive sentences than its federal counterpart. *See Commonwealth v. Pendola*, 611 A.2d 761, 764 n.2 (Pa. Super. 1992). "We also observe that successful challenges to a criminal penalty are extremely rare where the penalty is

something other than capital punishment." ***Commonwealth v. Strunk***, 582 A.2d 1326, 1331 (Pa. Super. 1990).

Here, we find no support in the record or in governing case law which would support Appellant's claim that, as applied to him, section 6105 amounts to cruel and unusual punishment. Appellant committed several offenses which qualify him for a firearms ban under section 6105. The firearm ban has not been shown by Appellant to be "wholly and irrationally disproportionate" to his crimes. Thus, as none of Appellant's constitutional claims entitle him to relief, the judgment of sentence must be upheld.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/2/2026